# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

PHILLIP RATH,                )
                             )
          Petitioner,     )
                             )
v.                         )      No. 04-6124-CV-W-FJG
                             )
MIKE KEMNA, et al.,     )
                             )
         Respondents.   )

## ORDER

Pending before the Court is Petitioner Phillip Rath's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody. (Doc. No. 1). Petitioner is currently confined in the Crossroads Correctional Center located in Cameron, Missouri. Mike Kemna is the Superintendent of the Crossroads Correctional Center and is, therefore, the proper party respondent. Since petitioner is subject to consecutive sentences for his offense, Jeremiah (Jay) Nixon is a proper party respondent.

## I. BACKGROUND.

In May 2000, petitioner was convicted in the Circuit Court of Cedar County, Missouri of Count I, assault in the first degree, a class B felony; Count II, armed criminal action, a felony; Count III, assault in the first degree, a class B felony; and Count IV, armed criminal action, a felony. In June 2000, petitioner was sentenced as a prior, persistent offender to a term of twenty years on Count I, ten years on Count II, twenty years on Count III, and ten years on Count IV. The court ordered Count II to run consecutively to Count I, and Count IV to run consecutively with Count III. Petitioner timely filed an appeal with the Missouri

Court of Appeals, Southern District.  In April 2001, the Missouri Court of Appeals, Southern District rendered its opinion affirming petitioner's conviction and reforming petitioner's sentence.

Pursuant to Missouri Rule of Criminal Procedure 29.15, petitioner timely filed a motion for post-conviction relief in the Circuit Court of Cedar County, Missouri.  In August 2002, after an evidentiary hearing, petitioner's request for relief pursuant to Rule 29.15 was denied.  The Missouri Court of Appeals, Southern District, affirmed the denial of the post-conviction motion on September 26, 2003.

## II. STANDARD OF REVIEW.

This Court will "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  An application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  "In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Accordingly, "'[a] federal court may not re-examine a state court's interpretation and application of state law.'" McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996) (quoting Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994)).  Pursuant to 28 U.S.C. § 2254(e)(1), in habeas proceedings, the Court presumes state court findings of fact are correct unless the petitioner establishes, the respondent admits, or the record shows

2

otherwise. Additionally, the petitioner may produce evidence that convincingly establishes that the state court's findings were erroneous. Id. (citing Thompson v. Keohane, – U.S. –, 116 S. Ct. 457, 463-64 (1995)).

Further, procedural restrictions, such as exhaustion and default, also limit the Court's review of substantively valid habeas corpus claims. At the time this federal habeas petition was filed, all claims in the petition were exhausted because petitioner has either fairly presented his claims to the Missouri state courts or because he is procedurally barred from presenting claims that he has not given the Missouri state courts the opportunity to review. See Coleman v. Thompson, 501 U.S. 722 (1991) (defaulted claims meet the technical requirements for exhaustion). Therefore, there remain no unexhausted issues in the petition. Furthermore, it appears that petitioner has not defaulted on any of the issues presented in the petition.

## III. DISCUSSION.

Petitioner asserts eighteen grounds upon which he alleges he is being illegally incarcerated: (1) violation of petitioner's right to due process or law and freedom from self-incrimination when the prosecutor argued, over objection, that petitioner, who had been in custody since shortly after the offense, "had eleven months to think about this" before testifying at trial; (2) denial of effective assistance of counsel when his trial counsel failed to retain a crime scene expert to reconstruct the scene and explain the physical evidence; (3) denial of effective assistance of counsel when his trial counsel failed to call Ronald Thompson as a witness; (4) denial of effective assistance of counsel when his trial counsel failed to object to the testimony of a police officer, who was not a qualified expert, as to the weapon which caused the victim's wounds; (5) denial of effective assistance of counsel

3

when his trial counsel failed to locate and obtain petitioner's belongings, some of which were seized by law enforcement officers from petitioner's home after his arrest, and some of which were sold by his landlord; (6) denial of effective assistance of counsel when his trial counsel failed to introduce into evidence notes left by petitioner during the period when he was a fugitive; (7) denial of effective assistance of counsel when his trial counsel failed to insure that petitioner could hear the proceedings at trial; (8) denial of effective assistance of counsel when his trial counsel failed to fully question defense witnesses Carla Brooks and Douglas Haile; (9) denial of effective assistance of counsel when his trial counsel failed to introduce into evidence a note from Ms. Hembree to petitioner; (10) denial of effective assistance of counsel when his trial counsel failed to effectively impeach prosecution witnesses; (11) denial of effective assistance of counsel when his trial counsel failed to call Barbara June Divine and Mark Abbiati as witnesses; (12) denial of effective assistance of counsel when his trial counsel failed to question petitioner fully during his testimony before the jury; (13) denial of effective assistance of counsel when his trial counsel failed to establish at trial that petitioner had received Miranda warnings after he was arrested; (14) denial of effective assistance of counsel when his trial counsel failed to allow him to review the crime scene video, either before or during the trial; (15) denial of effective assistance of counsel when his trial counsel failed to properly and fully object to Ms. Hembree's testimony concerning uncharged misconduct of petitioner; (16) denial of effective assistance of counsel when his trial counsel failed to fully question prospective jurors as permitted by Missouri law; (17) denial of effective assistance of counsel when his appellate counsel failed to raise on appeal the denial of a mistrial when a prospective juror, in the hearing of the panel, expressed the opinion that petitioner was guilty; and (18) denial of due

4

process of law and of a fair trial when the prosecution and law enforcement officers failed to secure the crime scene, failed to preserve petitioner's vehicle and belongings over which they asserted control, and failed to obtain the clothing worn by the victims to the hospital on the night of the alleged assault. Each ground for relief will be examined below.

**1. Alleged Violation of Rights of Due Process and Freedom from Self-Incrimination**

Petitioner contends that his right to due process of law and freedom from self incrimination were violated when the prosecutor argued, over objection, that petitioner (who had been in custody since shortly after the offense) "had eleven months to think about this" before testifying at trial. Specifically, the prosecutor stated, in her closing argument while comparing the testimony of petitioner and the other witnesses:

> And then we have the story of Phillip Rath. Phillip Rath claims his story matches the physical evidence. Of course it does. Do you know why? He's had the advantage of seeing the physical evidence. He's heard Christine testify. He's heard Allen Divine testify. He's read all the police reports. And he's had eleven months to think about this before–

At this point, petitioner's attorney objected. This objection was overruled, and the prosecutor went on to state, "Gentlemen, it's been eleven months since this incident. His story conveniently matches the physical evidence."

Although petitioner argues that these comments make an improper reference to petitioner's post-arrest silence, this Court agrees with the Missouri Court of Appeals that these comments concern the credibility of petitioner as a witness. The comments made by the prosecutor in her closing argument do not rise to the level of a due process violation. Compare Doyle v. Ohio, 426 U.S. 610 (1976) (finding a due process violation where the

5

prosecutor asked the petitioner why he failed to assert his innocence after police arrived at the scene); Bass v. Nix, 909 F.2d 297 (8th Cir. 1990) (finding a due process violation where the prosecutor asked several questions of petitioner in cross-examination regarding petitioner's failure to tell his story to police or others after his arrest, and also commenting in closing arguments that petitioner could have given his story to the police after his arrest). The United States Supreme Court has held that comments made during closing arguments that draw the jury's attention to the fact that the petitioner had the opportunity to hear other witnesses testify and to alter his testimony do not violate a petitioner's right to due process. See Portuondo v. Agard, 529 U.S. 61, 66-68 (2000).  The Court in Portuondo further held that when a defendant takes the stand and testifies, "his credibility may be impeached and his testimony assailed like that of any other witness."  Id. at 69 (quoting Brown v. United States, 356 U.S. 148, 154 (1958)).

This Court agrees with respondent, and finds that the state court's adjudication of this ground did not result in a decision contrary to, or involving an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court, or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial.  28 U.S.C. § 2254(d).  Therefore, this ground is denied.

**2.      Ineffective Assistance of Trial and Appellate Counsel**

Petitioner's next sixteen grounds for relief are all predicated on the theory of ineffective assistance of trial counsel.  To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and

diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Court finds that the errors alleged by petitioner, both when considered on an individual basis and on a cumulative basis, do not demonstrate Strickland prejudice; throughout the briefing on this petition for habeas corpus, petitioner has not demonstrated that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 689. Instead, as discussed by respondent and the Missouri Court of Appeals, overwhelming evidence of petitioner's guilt was presented at trial. The evidence presented by the State showed that (1) prior to the date of the shooting incident, Ms. Hembree had obtained a full order of protection against petitioner (her former boyfriend); (2) petitioner came to Ms. Hembree's home at approximately 3:00 a.m. on the date of the shooting; (3) Ms. Hembree asked petitioner to leave; (4) petitioner pulled a 9 mm gun from the waistband of his pants, and shot three times, aiming at Ms. Hembree and Mr. Divine; (5) Hembree and Divine's injuries were consistent with being shot with a large caliber weapon; and (6) after the shooting, petitioner disconnected Ms. Hembree's phone line so that she could not call the police. As overwhelming evidence of guilt lessens the likelihood that errors of counsel affected the

7

verdict, see Strickland, 466 U.S. at 696, petitioner has failed to demonstrate prejudice as to any of his claims of ineffective assistance of counsel. Therefore, grounds two through seventeen are denied.

**3.     Alleged Failure to Secure the Crime Scene**

In this ground, petitioner argues that he was denied due process of law and deprived of a fair trial because the prosecution and law enforcement officers failed to secure the crime scene and failed to preserve (1) petitioner's vehicle; (2) petitioner's belongings; and (3) the clothing worn by the victims on the night of the alleged assault. As discussed by respondents and the Missouri Court of Appeals, the failure to preserve evidence is not a denial of due process unless the state acted in bad faith, the evidence had apparent exculpatory value, and comparable exculpatory evidence was not reasonably available to defendant. See California v. Trombetta, 467 U.S. 479, 488-89 (1984); Arizona v. Youngblood, 488 U.S. 51 (1988). Petitioner has not proven bad faith on the part of any state actors, nor has he proven that the evidence destroyed was of an exculpatory nature. As a result, ground eighteen of the petition is denied.

**III.     CONCLUSION**

Accordingly, for the above stated reasons, it is hereby ORDERED that:

1) Petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is DENIED.


Date: November 17, 2005                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                      Fernando J. Gaitan, Jr.
                                           United States District Judge

8